

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

## NO. WR-94,237-01

---

### EX PARTE MICHAEL DAVID LEWIS, Applicant

---

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### IN CAUSE NO. CR30418-A IN THE 238TH DISTRICT COURT
### MIDLAND COUNTY

---

*Per curiam.* RICHARDSON, J., filed a concurring opinion in which WALKER, J., joined. KELLER, P.J., filed a dissenting opinion in which YEARY and KEEL, JJ., joined. HERVEY, J., did not participate.

## O P I N I O N

Applicant was convicted of capital murder and sentenced to life imprisonment without parole. The Eleventh Court of Appeals affirmed his conviction. *Lewis v. State*, No. 11-05-00301-CR, 2007 WL 866636 (Tex. App. – Eastland, March 22, 2007, pet. ref'd) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* Tex. Code

Crim. Proc. Ann. art. 11.07. Applicant contends, among other things, that one of the prosecutors representing the State in Applicant's capital murder case was also employed as a paid "judicial clerk" for the trial judge presiding over Applicant's capital murder trial. The State and the trial court confirm this factual assertion. We filed and set the case to determine whether the fact that the prosecutor was the trial judge's law clerk when he prosecuted the case entitles Applicant to relief. Both parties agree that Applicant is entitled to relief.

Applicant was denied his due process rights to a fair trial and impartial judge. "A fair trial in a fair tribunal is a basic requirement of due process." *In re Murchison*, 349 U.S. 133, 136 (1955). "[O]ur system of law has always endeavored to prevent even the probability of unfairness." *Id.* Almost a century ago, the Supreme Court explained that "[e]very procedure which would offer a possible temptation to the average man as a judge . . . not to hold the balance nice, clear, and true between the state and the accused denies the latter due process of law." *Tumey v. Ohio*, 273 U.S. 510, 532 (1927).

Regardless of any actual bias, a judge may be disqualified due to an appearance of impropriety. *Metts v. State*, 510 S.W.3d 1, 7-8 (Tex. Crim. App. 2016) (holding that judge who had appeared at a status hearing and signed defendant's jury-trial waiver as a prosecutor was disqualified from subsequently presiding over defendant's probation revocation hearing regardless of any actual bias harbored by judge because "the appearance of impropriety [was] palpable"); *see also Murchison*, 349 U.S. at 136 ("But to perform its high function in the best way 'justice must satisfy the appearance of justice.'") (quoting *Offutt v. United States*, 348 U.S. 11, 14 (1954)). The undisputed facts establish that the trial

court allowed his paid judicial law clerk to represent one of the parties appearing before him in a contested legal matter. This undisclosed employment relationship between the trial judge and the prosecutor appearing before him tainted Applicant's trial.

Relief is granted. The judgment in cause number CR30418-A in the 238th District Court of Midland County is set aside, and Applicant is remanded to the custody of the Sheriff of Midland County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate. Copies of this opinion shall be sent to the Texas Department of Criminal Justice – Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: May 8, 2024

Publish